IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CLINTON EDWARD KEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:22-cv-01033 |
| | ) Judge Trauger |
| **TONYA SHERELL, et al.,** | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

Before the court is a pro se complaint for violation of civil rights (Doc. No. 1), filed by Clinton Edward Key when he was an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee. The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

However, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plaintiff is subject to this "three strikes" provision of the Prison Litigation Reform Act because, on at least three prior occasions while incarcerated, he has filed a civil action in federal court that was then dismissed as frivolous or for failure to state a claim. *See Key v. Davidson Cnty. Sheriff's Office, et al.*, No. 3:02-cv-00145 (M.D. Tenn.) (dismissed as frivolous on Feb. 14, 2002); *Key v. State of Tennessee, et al.*, No. 3:09-cv-00879 (M.D. Tenn.) (dismissed as frivolous and for failure to state a claim on Sept. 21, 2009); *Key v. Metro Police Dept. of Davidson Cnty., et al.*, No. 3:14-cv-02002 (M.D. Tenn.) (dismissed for

failure to state a claim on June 2, 2015). Section 1915(g) continues to apply even though the plaintiff was released shortly after filing the current Complaint, because he was imprisoned at the time of its filing.[1] *See Rittner v. Laws*, No. 3:17-CV-1105, 2018 WL 11462338, at *1 (N.D. Ohio Feb. 16, 2018) (citing *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010)) (Section 1915(g)'s pauper-status bar applies to plaintiff who was imprisoned when complaint was filed but subsequently released); *see also Torns v. Mississippi Dep't of Corr.*, 421 F. App'x 316, 317 (5th Cir. 2010) ("Torns's subsequent release from prison did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar.") (citing *Harris*, *supra*, and *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998)).

In light of the three strikes cited above, the plaintiff may only proceed as a pauper if the allegations of the Complaint show that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This requires a "real and proximate" threat of serious physical injury that existed at the time the Complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). To make this showing, the plaintiff must "allege[ ] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" at the time of filing. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). The court must construe such allegations liberally, as "the imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* Still, the plaintiff "must describe with sufficient detail why [he] is in

---

[1] The Complaint is dated December 10, 2022. (Doc. No. 1 at 12.) It was received in the Clerk's Office on December 19, 2022. (*See id.* at 1.) On December 20, the plaintiff filed a notice that his address had changed (Doc. No. 4) and on January 4, 2023, a court mailing addressed to the plaintiff at the Davidson County Sheriff's Office was returned bearing the stamp "Released 12/17/22." (Doc. No. 5 at 2.)

2

imminent danger." *Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing *Vandiver*, 727 F.3d at 585).

The Complaint, filed in December 2022, alleges that on October 7,[2] the plaintiff was violently assaulted by two sheriff's deputies while he was shackled, resulting in a fracture of his left arm and injuries to his elbow, shoulder, hip, knee, feet, head and jaw, and right hand. (Doc. No. 1 at 14, 23.) These injuries and the plaintiff's "open wounds" were not treated in the immediate aftermath of the assault, when he was left in a "safe room" after a nurse said it was safe to do so, despite the presence of human excrement in that room. (*Id.* at 15, 19.) The plaintiff alleges that he was given 3 ibuprofen and 2 Tylenol pills "just this last week," but "nothing for the cut and bruises when they were open wounds." (*Id.* at 6.) As relief, the Complaint seeks an award of damages against defendants in "the max amount." (*Id.*)

The plaintiff seeks to recover for the violent infliction and subsequent negligent treatment of injuries which he sustained more than two months before filing the Complaint. He does not allege that additional threats of future violence were made at or following the October 7 assault, or that he had any other reason to fear a future encounter with his attackers. Moreover, although he is clearly not satisfied with the medical care provided by jail nurses, the plaintiff alleges that he was receiving pain medications at the time of the Complaint's filing. He does not seek any injunctive relief regarding medical care or protection from violence, but only damages for his prior injuries. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (noting that damages "seek to compensate plaintiffs for past injuries" while injunctive relief may properly be sought "to remedy

---

[2] Specifically, the Complaint alleges that the event giving rise to its claims occurred on "7th of October at 2:00 pm" (Doc. No. 1 at 6), or "Oct. 7 around 2:30 pm or 3:00 pm." (*Id.* at 13.) It subsequently clarifies, however, that the event in question occurred "on Oct 7th 2020." (*Id.* at 16.) Solely for purposes of analyzing the viability of the plaintiff's IFP application under Section 1915(g), the court will construe the Complaint in the light most favorable to the plaintiff and assume that he intended to report the date in question as October 7, 2022.

3

prison conditions fostering unconstitutional threats of harm to inmates"). Based on these considerations, the court finds that the Complaint's allegations fail to support a finding that the plaintiff was in imminent danger of serious physical injury at the time of filing. *Cf. Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (finding sufficient allegations of imminent danger because, "[w]hile Tucker's complaint stems from a past incident of violence, his allegations of imminent danger do not rest solely on that incident" but on "continuing threats" of additional violence made in "specific statements" on "specific dates") (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.")).

The court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. Accordingly, the plaintiff's IFP application (Doc. No. 2) is **DENIED**. The plaintiff **SHALL** remit the full $402 filing fee[3] to the Clerk of Court within **30 DAYS** of the entry of this order. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002) (requiring "that the full fees be paid" for any new action filed by a three-striker).

The plaintiff is cautioned that, should he fail to pay the filing fee within the time specified, this action will be dismissed without prejudice for want of prosecution.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[3] Prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—while prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).