IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON EDWARD KEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-01033 |
| | ) Judge Trauger |
| TONYA SHERELL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is a pro se Complaint for violation of civil rights (Doc. No. 1), filed by Clinton Edward Key when he was an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee.[1] The plaintiff also filed an application for leave to proceed as a pauper. (Doc. No. 2).

On January 26, 2023, the court denied the plaintiff's application for leave to proceed as a pauper and ordered him to pay the $402 filing fee in full within 30 days, due to his status as a "three-striker" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), who is not in imminent danger of serious physical injury. (Doc. No. 6.) The court found that Section 1915(g) continues to apply even though the plaintiff was released shortly after filing the Complaint, because he was imprisoned at the time of its filing. (*Id.* at 2 (citing, *e.g.*, *Rittner v. Laws*, No. 3:17-CV-1105, 2018 WL 11462338, at *1 (N.D. Ohio Feb. 16, 2018)).) The plaintiff was cautioned that failure to pay the full fee within the specified time would result in dismissal of this action for want of prosecution. (*Id.* at 4.)

---

[1] The Complaint is dated December 10, 2022. (Doc. No. 1 at 12.) It was received in the Clerk's Office on December 19, 2022. (*See id.* at 1.) On December 20, the plaintiff filed a notice that his address had changed (Doc. No. 4) and on January 4, 2023, a court mailing addressed to the plaintiff at the Davidson County Sheriff's Office was returned bearing the stamp "Released 12/17/22." (Doc. No. 5 at 2.)

As of the date of this order, the plaintiff has not paid the filing fee or filed anything further in this matter. As his deadline has now passed, the plaintiff's case must be dismissed under Section 1915(g), which bars an action's "continuation on the district court docket should the filing fee not be paid." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Dismissal is also appropriate in view of the plaintiff's fault in failing to comply with the court's order despite having been warned that such failure would lead to dismissal, *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004), and pursuant to the court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute" under Federal Rule of Civil Procedure 41(b). *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court [has] the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Though such a dismissal may be with or without prejudice, the latter is appropriate here in view of the plaintiff's pro se status and the general preference for disposing of cases on their merits. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge